## LUTHER WHITE V. THE STATE.

No. 10087. Delivered October 20, 1926.

**1.—Sale of Intoxicating Liquor—Evidence—Cross-Examination of Defendant—Held, Proper.**

Where, on a trial for the sale of intoxicating liquor, the state was permitted to prove by the defendant that his real name was Carpenter, and not White, no error is shown. In Underhill on Criminal Evidence, 3rd Edition, Sec. 201, it is stated: "The assumption of a false name by the accused advances an inference of guilt."

**2.—Same—Confession of Accused—Improperly Admitted.**

To be admissible in evidence in this state, the confession in writing of the accused must have been freely and voluntarily made, and not induced by any hope held out to the accused. The confession in this case was unquestionably induced by the promise of the chief deputy sheriff, that he would do all he could to get appellant a suspended sentence, if he would confess to the truth, and there being no issue as to this fact, it was error for the trial court to submit to the jury whether or not the confession was freely and voluntarily made. Following Williams v. State, 88 Tex. Crim. Rep. 225, and other cases cited.

Appeal from the District Court of Donley County. Tried below before the Hon. R. L. Templeton, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Cole & Simpson* of Clarendon, for appellant. On voluntary character of confessions of accused, appellant cites:

Robertson v. State, 111 S. W. 742.

Jenkins v. State, 131 S. W. 543.

Ayers v. State, 137 S. W. 1146.

Henzen v. State, 137.S. W. 1141.

Barton v. State, 137 S. W. 1145.

Young v. State, 113 S. W. 278.

Boxley v. State, 273 S. W. 591.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Donley County for unlawfully selling intoxicating liquor, and his punishment assessed at one year in the penitentiary.

It was the contention of the state, and evidence was introduced to that effect, that on or about the 17th day of July, 1925, the appellant sold a bottle of whiskey to one Jack Cooper for $1.75; that about the time the sale was consummated, and after a part of the money had been delivered to the appellant and the bottle of whiskey had been delivered to Cooper, the officers appeared upon the scene of action and took the money from the appellant and the whiskey from Cooper. The appellant defended upon the ground that two of his friends had taken him to the scene of the transaction and had given him a drink of whiskey a short time prior to his arrest, and that Cooper, who appears to have been bookkeeper for a dance that was in progress at a house nearby, shortly thereafter asked him for a drink of whiskey, whereupon he took Cooper down to the place where his friends had given him a drink and where they had left the bottle; that he had just handed the bottle of whiskey to Cooper for him to take a drink when the officers appeared, and that the money which the officers took from him was for the purpose of paying Cooper for the sets that he, appellant, had just danced. The appellant testified as above stated and introduced other testimony by the two parties named corroborating his evidence as to said parties giving him the drink of whiskey aforesaid.

The record discloses five bills of exception. In bill No. 1 com-

plaint is made to the action of the court in permitting the state
to cross-examine appellant and have him testify that his name
was Carpenter and not White.    It is urged that this testimony
was irrelevant to any issue in the case and was prejudicial.    We
are of the opinion that there is no error shown in the admission
of this testimony and that the state was authorized to show that
the appellant was going under a false name at the time in ques-
tion.    In Underhill on Criminal Evidence, 3rd Edition, Section
201, it is stated:    "The assumption of a false name by accused
arouses an inference of guilt."

In bill of exception No. 4 complaint is made to the action of
the court in permitting the state to show, on cross-examination
of the appellant, that he signed a written statement before the
District Attorney, on the day following his arrest, to the effect
that he saw a man put the bottle of whiskey in question near a
post, and that afterwards he, appellant, went out and got the
bottle; that a fellow whose name he did not know was with him
at the time and seemed to be drinking; that he, appellant, "picked
up the bottle and handed it to this fellow.    About this time Mr.
Barnett, the deputy sheriff, walked up and took it away from
this man and took some money that I had in my hand.    I had
about 80 cents in my hand and about eight or ten dollars in my
pocket.    Mr. Barnett then took charge of us."    The bill dis-
closes that at the time this evidence was offered appellant's coun-
sel objected to same for many reasons, one of which was that the
alleged confession was not freely and voluntarily made.    Upon
request, the jury was retired for the purpose of taking the bill
and the deputy sheriff, Barnett, was placed upon the stand.    He
testified that he was chief deputy sheriff and had under his
charge practically all criminal matters in the sheriff's office, and
that before the appellant made and signed said statement he,
Barnett, told the appellant, in the jail and just before he carried
appellant to the District Attorney's office where the statement
was prepared and signed, "If you will go over there and make
a statement about this affair, tell the truth and come clean with
us, I will do what I can towards getting a suspended sentence
for you.    Yes, sir, it is true that on yesterday I testified that I
made that statement to the defendant, and he then said, 'All
right, if you will help me, do what you can towards getting me
a suspended sentence I will go over there and make a state-
ment.' * * *  He never did say he would plead guilty, but did in
substance make the statement above mentioned to me."    This
statement of the deputy sheriff was not contradicted in any man-

ner.   We think the court was clearly in error in permitting this statement to go before the jury, under the facts of this case, because it was uncontradicted that the deputy sheriff had promised the appellant, as an inducement for making the statement, that he would do all he could to get appellant a suspended sentence.   We are of the opinion that this was not a statement freely and voluntarily made, and that the facts of this case come squarely within the rule announced by this court in the case of Lauderdale v. State, 19 S. W. 679; Williams v. State, 88 Tex. Crim. Rep. 87, 225 S. W. 177; and Whitfield v. State, 283 S. W. 858, on rehearing.   Of course, if there had been an issue raised as to whether or not the statement was freely and voluntarily made, then the court would have been eminently correct in submitting, as he did, the issue for the determination of the jury, but under the facts of this case there was no issue raised for the jury to determine.

Bills 2, 3 and 5, as presented, show no error.

For the error above discussed, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.  ·

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.