LOYD CAUDLE V. THE STATE.

No. 13697.    Delivered December 3, 1930.
Reported in 33 S. W. (2d) 438.

The opinion states the case.

*F. B. Caudle* of Mt. Vernon, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, arson; penalty, two years in the penitentiary.

The injured party was the father-in-law of appellant.    About the date alleged in the indictment appellant became angered at his father-in-law, and it is the theory of the State, supported very meagerly by circumstances, that appellant set fire to and burned the barn of prosecuting witness.

The only law question necessary to discuss is the alleged error of the Court in admitting the confession of appellant.    It was objected to on the ground that it was not a voluntary statement and was made to the officers by reason of persuasion and promises to aid the defendant in receiving a light sentence.    The testimony of the officers is introduced on this question and is exhibited in the bill of exception presenting the matter, from which the conclusion is inescapable that appellant was promised by the officers that they would do the best they could for him to get a light sentence if he would sign the confession.    One of them testified:

"I just advised with him in a way * * * by telling him to come clean with it and it might get him a suspended sentence.    Yes, sir, I just meant I would do what I could to help him get a suspended sentence that is the substance of it. * * * I told him there in jail that if he would come clean and make a statement about it that I would do what I could for him."

Many other similar statements are shown in this bill of exception.

Appellant was in jail when this alleged confession was signed, and it is expressly provided by statute, and many times decided by this Court, that such a confession to be admissible, must be voluntary. A statement that has been induced by hope held out to the accused, such as that indicated above, is not regarded in law as a voluntary statement. See Vernon's C. C. P., Art. 727, and authorities collated thereunder; also Johnson v. State, 82 Tex. Crim. Rep. 82; Lauderdale v. State, 31 Tex. Crim. Rep. 46; White v. State, 105 Tex. Crim. Rep. 169; Hammer v. State, 102 Tex. Crim. Rep. 224.

For the error discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.