### CARL STEWART v. THE STATE.

No. 15844.   Delivered June 7, 1933.
Rehearing Denied November 15, 1933.
Reported in 64 S. W. (2d) 782.

The opinion states the case.

*Arthur P. Bagby, Jr., Tass D. Waterston,* and *Wm. Yelderman,* all of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, death.

We note in their order appellant's bills of exception. He complains of the refusal of a continuance sought because of his alleged illness and weakness, of such nature as to render him incapable of "coherently following the progress of the trial or of aiding his attorneys in discussion of facts which might be testified to in said cause." This bill of exception is qualified to show, first, that it was a second application, and, second, that it appeared that the night before the call of the case for trial appellant had slashed his arm with a razor blade in an apparent effort to commit suicide; also that the county health officer of Travis county had examined appellant and gave it as his opinion,—as did also the sheriff of the county,—that appellant could go safely to trial. The court further certifies that while the officers assisted appellant into the court house during the first one and a half days of the selection of the jury, he thereafter walked into court without assistance; that he was at all times able to and did confer with his counsel, and by the time the jury was selected he was physically and mentally as able to proceed with the trial as at any time in his life. We think the rule applicable was stated by us in Tysinger v. State, 112 Texas Crim. Rep., 4, a case in which the accused was brought to courthouse in an ambulance, and lay on a cot during the trial. We held the facts to show no abuse of the discretion of the trial court in directing a trial.

Bill No. 2 complains of the refusal of the court below to exclude from the court room four Texas rangers, the rule having been invoked. This bill is qualified by the statement of the trial court that only one of the four men named was used as a witness, and that this one was the first witness used by the state, and gave his testimony in chief before any other witness testified. We see nothing in this to cause us to believe it an abuse of the discretion confided in the trial court in such matters.

Bill No. 3 complains of the introduction of an alleged confession of appellant. When same was offered, upon suggestion, the jury were retired and the court heard testimony of Mr. McWilliams, to whom the confession was first made, which was later typed and writted out and signed by appellant, which written confession contained the usual statutory warning. Mr. McWilliams swore to having given said warning, and that it was also given by the district attorney, and that the confession was freely and voluntarily made. He was cross-examined at length by appellant's attorneys and went into many details as to his treatment of appellant and those things leading up to and occurring before the making of said written confession. The witness maintained that no promises were made and no threats were indulged, and that the confession was freely and voluntarily made. Appellant testified before the court to the contrary in all these regards. In this situation the trial court properly submitted to the jury the issue as to whether said confession was freely and voluntarily made, same being submitted in a manner acceptable to appellant, who made no objection or exception thereto. We see no error in this. The trial court certifies in his qualification to the bill, that the testimony for the state showed the written confession to have been voluntarily made; also that the statement showed on its face to be of a voluntary character; also that little more than a scintilla of testimony was offered by appellant to the effect that it was not so voluntarily made, but notwithstanding this the court submitted the issue to the jury. The authorities are numerous and in harmony in support of this procedure. See cases cited in section 75, Branch's Annotated P. C.; Morris v. State, 39 Texas Crim. Rep., 376; Cortez v. State, 43 Texas Crim. Rep., 383; Blocker v. State, 61 Texas Crim. Rep., 413; Ruiz v. State, 92 Texas Crim. Rep., 73; Bingham v. State, 97 Texas Crim. Rep., 594.

In his bill of exception No. 4 appellant seems to set up misconduct of the jury, and the court heard evidence regarding same, which is preserved and set out in the record. Same reflects arguments and statements in the jury room not of such character as to justify any sort of conclusion of misconduct, nor do same call for setting out by us in the opinion.

In what purports to be a fifth bill appellant sets out at length the same grounds urged in bill of exception No. 3. Nothing appears therein to cause us to change our views above expressed.

The facts show that deceased, a negro undertaker, was lured from his place of business in response to a supposed busi-

ness call, and thereafter brutally murdered. There is not a pretense of justification if the facts offered by the state were believed by the jury to be true. Appellant did not testify. The testimony offered in his behalf amount to a circumstantial refutation of the matters set out in appellant's confession, and a similar reflection on the voluntary character of said confession. We think the testimony sufficient, and that the jury were warranted in believing the confession freely and voluntarily made, and in assessing the extreme penalty.

The judgment will be affirmed.

*Affirmed.*

### ON APPELLANT'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant's motion for rehearing is predicated on the proposition that this court should hold as a matter of law that his confession introduced in evidence by the state was not voluntarily made. Under the peculiar manner in which the question came into the record the point is presented in an unusual way. From bill of exception No. 3 it appears that when the state sought to introduce the confession appellant requested that the jury be withdrawn which was done. In the jury's absence the testimony of State Ranger McWilliams and of appellant was heard by the court. The testimony of these two witnesses is incorporated in said bill. The court held the confession admissible but advised counsel for appellant that if the same evidence was introduced before the jury an issue of fact—which he found against appellant—would be raised and the issue would be submitted to the jury. For some reason neither McWilliams nor appellant were called to testify before the jury. The court evidently thought that other evidence which did go before the jury raised the issue as to the voluntary character of the confession and he submitted the issue to the jury. To sustain appellant's contention in that peculiar situation would demand of this court a finding upon an issue of fact contrary to the finding both of the jury and the lower court upon the same issue.

From appellant's testimony heard before the court it is plain that he was attacking the confession upon two grounds, first that he had been physically mistreated by the officers and the other that legal prosecution would proceed against his mother in the event he did not confess. The court and jury found against both of these contentions under the evidence and in doing so in no way abused the discretion vested in them.

In the course of Ranger McWilliams' testimony given before the court he said:

"As to whether he (referring to appellant) was made any promise of any kind the only promise he was ever made at all by me, that is, if he would come clean and tell the truth about this thing, I would ask the district attorney, if he saw fit, to recommend to the jury a life sentence instead of death."

It is urged that by force of the statement above quoted the confession should be held involuntary. We are referred to Mc-Veigh v. State, 43 Texas Crim. Rep., 17, 62 S. W., 757; White v. State, 105 Texas Crim. Rep., 169, 287 S. W., 273; Caudle v. State, 116 Texas Crim. Rep., 4, 33 S. W. (2d) 438, as supporting appellant's contention. If appellant was induced to make the confession by the promise of the officer under the authorities cited it should be held to have been inadmissible, but it is not claimed by appellant even in his own testimony given before the court that such promise operated on him in any way to secure the confession. He makes no mention of any promise having been made by McWilliams to him. Further it must be borne in mind that the confession introduced in evidence was not made for more than a week after appellant had been under arrest. McWilliams had many conversations with him and the evidence shows that appellant had made several statements regarding the killing. After checking these statements up they were found by the officers to be untrue whereupon they would again talk to appellant about it. McWilliams had made two trips with appellant from Austin in Travis county to Dawson in Navarro county. Whether the promises attributed to Mc-Williams were made to appellant while he was in jail in Austin or on one of these trips, whether soon after appellant's arrest or a short time before the confession was secured does not appear from the record. There is no evidence showing it to have been made at the time the district attorney in Corsicana took the confession nor immediately preceding the making of practically the same confession on the night before. If appellant had requested it he perhaps would have been entitled to an instruction to the effect that if the jury believed such promise had been made to him at a time previous to making the confession, and the same was operating on his mind at the time the confession was made, and he was induced thereby to make the confession the same should not be considered against him. No such request was made.

Realizing the seriousness of the matter under the penalty inflicted we have again carefully examined all the evidence upon the *point under consideration* whether it be found in the bills of exception or in the statement of facts and are constrained to overrule the motion.                    *Overruled.*