## JOE SALVAGGIO v. THE STATE.

No. 16437.    Delivered April 18, 1934.

The opinion states the case.

*Howth, Adams & Hart* and *Crook, Lefler & Cunningham,* all of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin. for the State.

CHRISTIAN, JUDGE.—The offense is arson, the punishment, confinement in the penitentiary for two years. ·

But a single question is necessary to be determined on this appeal, and that is as to the admissibility of the appellant's confession to two police officers. Appellant had declined to make a statement until one of the police officers made him a positive promise to help him. Shortly after this promise was made appellant made a confession which was reduced to writing and signed by him. The officer said to appellant: "Joe the best thing for you to do, we have got the goods on you anyhow, the best thing for you to do is to make a confession. You might as well come clean and make a statement." We quote from the testimony of this officer: "I told him it would make it lighter on him. I told him the court would make it lighter on him for telling the truth. He asked: 'Reckon Chief Baker (Chief of Police) would help me?' I said, 'I believe he would help you if you will tell the truth.' I told him Chief Baker would help him out in my opinion. Up to that time he had not made any statement, not to me. After I told him the Chief would help him in my opinion if he would make a statement he signified his willingness to make a statement. He told me 'I am ready to make a statement,' after I told him the Chief would help him in my opinion if he would make a statement. Then he said, 'Call the Chief. I am ready to make a statement.' The defendant, so far as I know, never was willing to make a confession or statement until I told him the Chief would help him if he would, and the court would make it lighter on him if he would. He had not made it up to that time. When I told him that, that is when he told me he was willing to make a statement, after I told him the court would help and the Chief would help and that I would help him. That is right."

Testifying before the court in the absence of the jury, appellant declared that the promises held out to him by the officer impelled him to make the confession.

Just why the State should have introduced the officer and thus vouched for him is a mystery. If appellant had introduced him, and he had sworn as he did this would have but raised an issue as to the voluntary character of the confession. Be that as is may, the statement that the officers, as well as the court, would help appellant and that the "court would make it lighter on him for telling truth" constituted not only a promise, but a persuasive and positive one, by an officer in authority, and one in every way calculated to make appellant believe that his con-

dition would be bettered by making the confession. Appellant was under arrest when he made the confession. Under the statute, the confession was not admissible unless voluntary. Article 727, C. C. P.; Searcy v. State, 13 S. W., 782; Caudle v. State, 33 S. W. (2d) 438, and authorities cited. In the state of the record, a State witness having furnished the testimony attacking the voluntary character of the confession, we are constrained to hold that appellant's objection to the introduction of the confession should have been sustained.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.