## GERHARD A. CORDES V. STATE.

No. 26,297. March 18, 1953.
State's Motion for Rehearing Denied May 13, 1953.

*Martin & Shown,* by *W. E. Martin, James Hill Letts, James J. Shown,* and *Vincent J. Licata,* all of Houston, for appellant.

*William H. Scott,* Criminal District Attorney, *King C. Haynie,* Assistant Criminal District Attorney, Houston, and *George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The appeal is from a death penalty for the offense of murder.

Appellant confessed that he killed Cleora McCord by stabbing her with an ice pick. She was found dead or in a dying condition in the bath tub in her garage apartment. There were stab wounds in her neck and abdomen such as might have been inflicted with an ice pick.

Appellant was seen to enter the apartment shortly after 7 A.M. and it was some hour or more after his car was driven away that the body was found.

The trial court heard testimony as to the voluntary character of the confession in the jury's absence and overruled appellant's objection to its admission. We find no error in this action of the court, an issue of fact being raised which was for the jury.

The confession having been admitted, appellant testified before the jury to the effect that one of the officers told him if he confessed to the killing he would receive only a five year suspended sentence, whereas if he did not confess he might get the electric chair; that he confessed "to get them to leave me alone and the fact that they were going to file a lesser charge if I confessed than they would otherwise."

Other defense testimony was to the effect that the confession was obtained as a result of over persuasion or coercion during the confinement of appellant for some thirty-four hours following his arrest.

Appellant denied that the confession was true and testified that he did not kill the deceased but signed the confession for the reasons stated, and to prevent his friend Eva Kerr from having a nervous breakdown.

The officers denied that appellant was mistreated in any way, and that he was threatened with a death penalty if he did not confess or promised that a lighter charge would be filed or that he would get a light sentence, or a suspended sentence, if he confessed. Under the officers' testimony the confession was voluntarily made.

In submitting the issue thus raised as to the voluntary char-

acter of the confession the trial court charged the jury in part as follows:

"You are instructed that if you believe from the evidence that the defendant made the statement or confession which has been introduced in evidence by the State, and that he signed the same, and that before making such statement he had been warned that he did not have to make any statement at all, and that any statement made by him must be free and voluntary on his part and could be used as evidence against him on the trial or trials for the offense or offenses concerning which the same was made, and that it was not made through compulsion or coercion or duress and without any promise of help, then you may consider said statement with the other evidence before you in arriving at your verdict in this case.

"On the other hand, if you believe, or have a reasonable doubt thereof, that the statement or confession offered in evidence by the State was made by the defendant *through compulsion or coercion or duress, and on the promise of any help,* then you will not consider said statement for any purpose in this case."

Appellant excepted to this portion of the charge, one objection being: "Same is too restrictive of the rights of the defendant in its submission of the issue of the voluntariness of the written confession of the defendant because it requires that such confession must have been made through compulsion or coercion or duress and on promise of help to render same inadmissible and not entitled to consideration by the Jury."

It seems clear that it was not incumbent upon appellant to show that the confession was induced by compulsion, coercion or duress *and* also by a promise of help. If the jury believed that the statement was induced by promise of help alone, it was not voluntary and was inadmissible though no compulsion, coercion or duress was exercised. See Caudle v. State, 116 Tex. Cr. R. 4, 33 S.W. 2d 438; White v. State, 105 Tex. Cr. R. 169, 287 S.W. 273.

The effect of the court's charge was to place upon appellant's defense conditions more onerous than called for under the law. He was entitled to a distinct submission of each defensive issue raised by the testimony.

The trial court erred in failing to respond to the exception which error calls for reversal of the conviction.

The judgment is reversed and the cause remanded.

ON STATE'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellee's motion for rehearing is bottomed upon the proposition that the error in the charge, as pointed out in our original opinion, was such as not to prejudice the rights of the appellant. In other words, it is insisted that the error was harmless.

It will be remembered that the admissibility of the confession in evidence was of vital importance to both the state and the appellant.

One of the grounds relied upon by appellant to defeat the admission in evidence of the confession was that he had been promised help if he would make the confession.

Under the authorities cited in our original opinion, if such was the fact, the confession was not admissible, regardless of the other grounds relied upon to defeat its admission.

Appellant was entitled to have that fact question passed upon by the jury directly and without reference to or contingent upon any other fact or facts. The charge of the court did not accord to the appellant that right.

We cannot say, especially in view of the death penalty assessed in this case, that such denial of a substantial right was harmless.

Accordingly, the motion for rehearing is overruled.

Opinion approved by the court.