**James William HOLT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 36346.

Court of Criminal Appeals of Texas.

April 15, 1964.

Rehearing Denied May 20, 1964.

Joe Bob Golden, Jasper, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for murder; the punishment, ninety-nine years.

The state introduced in evidence a written statement of the appellant, over his objection that it was not made in compliance with the requirements of Art. 727, Vernon's Ann.C.C.P.

Testifying in his own behalf, the appellant stated that after his arrest the officers talked with him before noon in a room in the jail, that he was not given any warning, and after asking him some questions they

left. He further stated that in the afternoon the officers returned, and without giving him any warning, they handed him a typewritten statement which he read, that it contained no warning, and they told him to sign it, which he did, and that he also signed several copies but they never gave him one to keep.

In charging the jury as to the consideration of the written statement by them, the trial court instructed the jury in part as follows:

"You are further instructed that where a written statement obtained by the use of duress, coercion, fraud, persuasion or fear of violence, or where the defendant is not warned as hereinabove set out, nevertheless, if you further find beyond a reasonable doubt that the facts and circumstances contained therein are true and which conduce to establish his guilt, such statement may be considered by you.

"Now, therefore, if you believe from the evidence beyond a reasonable doubt that even though such statement was procured from the defendant by the use of duress, coercion, fraud, persuasion or fear of violence to his person, or if you believe beyond a reasonable doubt that the defendant, James William Holt, was not warned as the law requires as hereinabove set out and if you find and believe beyond a reasonable doubt that the facts and circumstances contained in said statement are true and conduce to establish his guilt, then you may consider such statement."

The appellant duly and timely objected and excepted to the foregoing portion of the charge, quoting the two paragraphs in his objection, on ground that such instructions did not properly instruct the jury on the law, and he further objected because it did not sufficiently present the law in regard to the rights of the appellant in this case, and did not present an affirmative defensive issue.

Art 727, V.A.C.C.P., provides in part:

"The confession shall not be used if, at the time it was made, the defendant was in jail or other place of confinement, nor while he is in the custody of an officer, unless made in the voluntary statement of accused, taken before an examining court in accordance with law, or be made in writing and signed by him; which written statement shall show that he has been warned by the person to whom the same is made: First, that he does not have to make any statement at all. Second, that any statement made may be used in evidence against him on his trial for the offense concerning which the confession is therein made; * * *."

■■ The evidence raised the issue of whether the appellant was duly and legally warned before he made the statement. Whether the written statement of the appellant was made in compliance with the requirements of Art. 727, supra, was a question of fact to be decided by the jury. The appellant was entitled to a fair, adequate and distinct submission of whether he was duly warned in accordance with the provisions of Art. 727, supra.

■ It is apparent that the above quoted instructions did not correctly charge the statutory requirements that must be complied with before the jury would be authorized to consider the statement against the appellant. The instructions authorized the jury to consider the written statement if they found the facts contained in it to be true, regardless of whether he was warned as the law requires before it was made. Therefore, the instructions complained of were prejudicial to the rights of the appellant and call for a reversal. Cordes v. State, 158 Tex.Cr.R. 529, 257 S.W.2d 704; Jordan v. State, 163 Tex.Cr.R. 287, 290 S.W.2d 666; Odis v. State, Tex.Cr.App., 345 S.W.2d 529.

For the error pointed out, the judgment is reversed and the cause remanded.

Opinion approved by the Court.