Billy Ray Richardson/#1129102
James Allred Unit
2101 FM 369 North
Iowa Park, Tx 76367-6568

74,799-07

July 31, 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 07 2015

Abel Acosta, Clerk

Clerk of the Court of Criminal Appeals
P.O. Box 12308, Capitol Station
Austin, Texas 78711

Re: Richardson v. State, Cause No. W01-75463-L(D)

Dear Clerk:

Enclosed for your usual filing in the Honorable Court, you will find a copy of

the applicant's Reply to the State's Response to applicant's application for

a Writ of Habeas Corpus. Please notify the applicant upon the filing of this

document as soon as possible.

Thanking you in advance for your helpful assistance.

God Bless!

Sincerely

Billy Ray Richardson
Billy Ray Richardson

| | | |
|---|---|---|
| Ex Parte | § | In The Texas Court of |
| Billy Richardson | § | Criminal Appeals |
| | § | |
| | § | |
| | § | |

APPLICANT'S REPLY TO THE

STATE'S RESPONSE

Comes now, the applicant, in the above-entitled cause and respectfully submits his Reply to the State's response to applicant's application for a Writ of Habeas Corpus.

APPLICANT'S REPLY

On July 22, 2015, the State submitted its response to applicant's application for a Writ of Habeas Corpus in which the State erroneously found that applicant does not meet any exception to file a subsequent writ and recommend that the instant writ application be dismissed as a subsequent writ.

On July 24, 2015, before the applicant could submit to the court his Reply/ Rebuttal to the State's response, the trial court judge signed an order finding no controverted, previously unresolved factual issues requiring a hearing and also recommend that applicant's writ application be dismissed. However, the State's finding, which led up to the trial court's recommendation for dismissal, is not supported by substantial facts in the record and was so deficient that it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the proceeding.

In applicant's fourth writ application, he states a clear and compelling case of actual innocence in which he shows that the constitutional erros committed by his trial counsel and the prosecutor "probably resulted" in the conviction of the applicant, who is actually innocent. See Schlup v. Delo, 513 U.S. 326-327(1995). The State, in its response, established that "a meritorious claim of actual innocence is an exception under Sec.4(a)". The applicant raises only one ground for relief in his writ application: ACTUAL INNOCENCE. Applicant's "distinct claims" of prosecutorial misconduct, ineffective assistance of trial counsel, and that the complainant made contradictory statements about the alleged offense are not actual grounds for relief. However, because it is the burden of the applicant to show that the constitutional errors committed "probably resulted" in his conviction in which he raises a Schlup-type claim of actual innocence, applicant argues prosecutorial misconduct and trial counsel's failure to motion the court to a hearing outside the presence of the jury, in his writ application, only to point out the constitutional errors committed, in conjunction with his Schlup-type claim of actual innocence. Likewise, applicant submitted, in his writ application, that the complainant made contradictory statements about the alleged offense, as one of the many factors against the State's case against the applicant, merely to show why no rational juror would have found him guilty beyond a reasonable doubt, had it not been for the improper use of applicant's false statement and/or had the court known of the false nature of the said statement before it was improperly introduced by the prosecutor. Furthermore, although the applicant submitted the constitutional errors committed by his trial counsel and the prosecutor in his third writ application, as they are presented in the applicant's current writ application, such claims were neither entertained by the court nor were they resolved by the

2

court and instead, applicant's writ application was dismissed as a subsequent writ. Here, the applicant invokes the actual innocence/ fundamental-miscarriage of justice exception of Schlup v. Delo, as a gateway for having his otherwise barred constitutional claims heard. See Gomez v. Jaimet, 350 F.3d at 673,679(7th Cir. 2003), Griffin v. Johnson, 350 F.3d 960-962(9th Cir.2003). Notwithstanding, because the applicant has raised a colorable claim of actual innocence in which he has shown that the constitutional errors committed by his trial counsel and the prosecutor probably resulted in applicant's conviction, the restrictions that 11.07, Sec.4 places on subsequent writs should not apply to the applicant for which, his actual innocence claim is an exception under Sec.4(a).

## Actual Innocence

In applicant's Schlup-type claim of actual innocence, he submits, and the record supports, that the prosecutor improperly and wrongfully excluded material facts from the applicant's false statement to police, as to the allegation where the applicant falsly stated that he and other relatives had sexual intercourse with the complainant more than once prior to the alleged offense, for which, such false allegations would have rendered applicant's false statement inadmissible where the fact-finder would have found that the false statement was not truthfully or voluntarily made. The applicant also points out, in his writ application, that

3

despite the prosecutor knowing that the complainant had no sexual past prior to the night of the alleged offense, in which the complainant and her mother both established in a videotaped interview with a detective and at trial that the complainant was a virgin the night of the alleged offense, the prosecutor filed a motion in limine concerning specific instances of the complainant's past sexual behavior pursuant to Rule 412 of the Texas Rules of Criminal Evidence in which, the prosecutor asked the court to instruct the applicant and his trial counsel not to refer to any specific instances of the complainant's past sexual behavior in the presence of the jury. This was clearly an attempt, by the prosecutor, to secrete the false nature of the applicant's statement from which the jury would have been acknowledged as to the falsity of the said statement and that such statement was not truthful and was not a true confession of guilt. In doing this, the prosecutor was able to succeed in improperly and wrongfully legitimizing applicant's false statement and introducing the false allegation in the statement, as to the alleged sexual intercourse being consensual, as a confession of guilt, despite that allegation also being totally untrue, according to the complainant and the facts of the case. This was only done by the prosecutor in order to accommodate the State's burden of proving sexual intercourse where the State was entitled, by law, to prove penetration beyond a reasonable doubt.

Furthermore, the State, in its response, acknowledges that applicant's claims of constitutional violations refers to the prosecutor's failure to correct applicant's false statement and that the prosecutor improperly introduced the false allegations in the statement as a true confession of guilt. The State, subsequently insists that it is unaware of any constitutional provisions that would bar a prosecutor from introducing a false

4

statement as evidence of guilt. First and foremost, the State's contention in regards to there not being any constitutional provisions that would bar a prosecutor from introducing false evidence is a miscalculation of law and the U.S. Constitution. Introduction of any false evidence that could potentially mislead the jury and/or effect its finding of innocence of a person who is innocent of an alleged crime clearly violates that persons guaranteed right to "enjoy a fair and just trial, by an impartial jury". (U.S.C.A.Const.Amend.6) Furthermore, all defendants, in all criminal cases, are protected against the introduction of evidence obtained in violation of their constitutional right. See Garza v. State, 678 S.W.2d 183(App.4 Dist.1984) The Texas Court of Criminal Appeals and the United States Supreme Court has ruled in similar cases that false evidence corrupts the truth seeking function of trial and that false evidence, left uncorrected, can mislead the fact-finder, thereby misdirecting the due course of law and diverting due process from its intended progression towards a just and fair trial. See Daggan v. State, 778 S.W.2d 469(Tex.Cr.App.1989), Berger v. United States, 295 U.S. 78,88,55 S.Ct. 629,633, 79 L.Ed 1314,1321. Although there are no constitutional provisions that would bar a prosecutor from introducing true facts from a defendant's statement that would constitute a true confession of guilt, the applicant has, however, established in his writ application and herein provisions, established in both law and the U.S. Constitution, that would bar a prosecutor from introducing false facts as evidence of guilt and/or wrongfully misguiding the jury by persuading the jurors into believing that the known false facts are true when such facts have been proven to be false. This would be an act of perjury on the part of the prosecution where Art.38.22, §4 of the V.T.C.C.P. clearly establishes that " when any statement, the admissibility of which is covered

5

by this article, is sought to be used in connection with an official proceeding, any person who swears falsly of facts and circumstances which, if true, would render the statement admissible under this article is presumed to have acted with intent to decieve and with knowledge of the statement's meaning for the purpose of prosecution for aggravated perjury under Sec.37.03 of the Penal Code". In addition, applicant submitted an affidavit, attached to his writ application as an exhibit, in which he estblished that the false allegations in his statement were fabricated only because the officer, who took the statement, promised to help the applicant, in exchange for the statement, and manipulated the applicant by telling him that mere consensual sex between he and the complainant was not an actual crime and that if the applicant alleged, in the statement, that he and the complainant had mere consensual sex, it would discredit the complainant's false accusation rape. The applicant also established in his affidavit that the officer told applicant to allege in the false statement that he and the complainant had "been having voluntary sex" and that the complainant had also engaged in sexual intercourse with other men prior to the night of the alleged offense, in order to create a false image of the complainant and make it seem as though the complainant was not as innocent as she had claimed to be. These material facts in favor of the applicant were never brought out in trial nor did the court determine the truthfulness of applicant's statement in a hearing outside of the presence of the jury before the false statement was erroneously introduced to the jury as a true confession of guilt. Nevertheless, a "voluntary confession" admissible in evidence should be voluntarily given and should not be forced or extorted in any manner, even by overpersuation, promise, or threats. See Ward v. State, 144 Tex.Crim.App. 444, 158 S.W.2d 516 Certiorari Granted, 62 S.Ct 1040, 316 U.S. 653, 86 L.Ed 1734, Reversed. Where applicant had made the false statement

6

upon promise of help, and where each of the allegations in applicant's statement were fabricated with intent to decieve, then the false statement was not admissible in criminal prosecution regardless of other grounds relied upon to defeat its admission. See Cordes v. State, (Cr.App.1983) 158 Tex.Crim.App.529, 257 S.W.2d 704. The applicant has demonstrated that the prosecutor knew the allegations in applicant's statement were false and covered that fact up by mischievously excluding material facts that would have prevented the false statement from being introduced as a true confession of guilt had the court known of the falsehood of the statement, to secrete the material facts so that the false allegation, as to the alleged sexual intercourse being "voluntary", could be improperly utilized to prove an element of the charged offense that the State was required, by law, to prove beyond a reasonable doubt. Furthermore, applicant has also cited provisions, in his writ application, set by the United States Supreme Court in which the prosecutor is held responsible for correcting known false evidence "even if the prosecutor actually knows the evidence is false or not". See Daggan v. State, at 465 (Tex.Cr.App.1989), U.S.C.A.Const.Amends.5;14, Vernon's Ann.Tex.Code Crim.Proc. art.2.01. In this case, because the prosecutor actually knew the allegations in applicant's statement were false and thus, sought to secrete that fact from the court in order to have the said false statement legitimized as admissible evidence for which, such false facts in applicant's statement would render the statement inadmissible due to its perjurious nature and incredibility, had the false nature of the statement been established to the court before the statement was improperly introduced to the jury, applicant's controverted issues are with merit and are fundamental and should not be overlooked or dismissed simply because the State chooses to deny the truthfulness of the applicant's claims

and where the State refuses to settle the issues of the applicant's claim of actual innocence.

## CONCLUSION

The applicant has demonstrated that, because of the many factors against the State's case, without the improper admission of applicant's false statement, no reasonable juror would have found him guily beyond a reasonable doubt. Therefore, applicant respectfully urges the Honorable Court to reject the State's request for dismissal and GRANT RELIEF based upon the facts that are supported by the record herein.

Respectfully Submitted

Billy Ray Richardson
TDCJ-ID#1129102
James Allred Unit
2101 FM 369 North
Iowa Park, Texas 76367

encl.
cc: file

8

## Certificate of Service

I certify that a true copy of this document was served on the Criminal District Court No.5 and the Texas Court of Criminal Appeals on July 31,2015. Service was made by Certified Mail to the Clerk of the Court of Criminal Appeals, P.O.Box 12308, Capitol Station, Austin,Texas 78711 and, to the District Clerk of Dallas County, Frank Crowley Courts Building, 133 N. Riverfront.Blvd. LB12, Dallas,Texas 75207-4033.

Billy Ray Richardson