## S. T. HUBBARD V. STATE.

No. 24231. January 26, 1949.
State's Motion for Rehearing Denied March 16, 1949.

*Robert L. Dalby, Connor W. Patman* and *Norman C. Russell,* Texarkana, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

Appellant was convicted for the offense of murder. The punishment assessed is confinement in the state penitentiary for life.

This is a companion case to that of Lee v. State, decided by this court on the 10th day of November, 1948, and reported in 152 Texas Crim. Rep., 401; 214 S. W. (2d) 619. There is no material difference in the testimony in this case from the facts proved in that case, except that in this case the state introduced

a purported confession made by appellant, the admissibility of which was questioned by him on the ground that it was not voluntarily made. The court heard evidence relative thereto and at the conclusion thereof overruled the objection and admitted it in evidence to which he excepted.

The evidence relating thereto is brought forward in the record for review. The testimony given by the officers shows that they arrested him on the morning of November 9, 1947, without a warrant for his arrest; that the offense was not committed in their presence or within their view; that the defendant was not attempting to escape; that he was not taken before a justice of the peace, but was taken to the Bowie County jail. He was later taken from the Bowie County jail and carried some forty miles away to Mt. Pleasant, in Titus County, where he was placed in jail and from there he was carried to Paris, in Lamar County, and placed in jail. From Lamar County, he was carried back to Bowie County and placed in jail, and then he was taken from the Bowie County jail, a distance of about 45 miles, to Clarksville and placed in jail and from there he was carried back to Bowie County and placed in jail. The sheriff, in whose care and custody appellant was during this time, testified that no one made any threats against appellant nor was he ordered to take appellant to another jail for safe keeping, but he always pursued this procedure regardless of who he had in custody, whether white or Negro. Deputy Sheriff Raney, among other matters, testified, "I don't know why they carried him out of the county. I don't know whether they had any order from any magistrate to move him from jail." Carl Elliott testified, "that he and Shafer carried appellant from the Bowie County jail to the various jails herein mentioned." He said, "Mr. Shafer is my spokesman and he talked sweet and rough too. Mr. Shafer was trying to talk him into making a confession. At the time I took the defendant out of the county I didn't have a commitment order from a justice of the peace or magistrate of this county to take him outside of the county." He further testified, "I never did beat this negro, and I didn't deliberately try to keep him on his feet or awake or hungry any length of time to break him down, * * * no one threatened him to make a statement or applied any force to him whatsoever." Appellant testified that on these trips to various jails he was whipped and asked to make a statement to the effect that he shot Talley; that when he refused they told him that if he did not do so they would take the handcuffs off of him and kill him and then say that he tried to escape; that thereupon, he made the statement to them as appears in the confession; that they then brought

him back to Bowie County and placed him in jail. When they carried him from jail to the county attorney's office they told him he had better make the same statement which he had made to them or they would kill him. The officers denied that they whipped him or threatened to kill him unless he made a statement confessing his guilt. They claimed that they had so much work to do and were so busy that they could not definitely recollect where they took him first, when they brought him back, and where they carried him next; however, the fact remains that when they carried him to Clarksville, Shafer was trying to talk him into making a statement, and it seems from the record that he had some measure of success since appellant made the purported confession to the county attorney on his return from Clarksville.

We think the undisputed evidence relating to the making of the confession here under consideration brings it within the condemnation expressed by the Supreme Court of the United States in the case of Ward v. The State of Texas, as reported in Vol. 316 U. S. 547. It occurs to us that under the uncontroverted evidence, the trial court erred in admitting the purported confession in evidence. See also White v. The State of Texas, 310 U. S. 530.

Appellant also contends that the court erred in declining to heed his objection to the court's main charge by failing to instruct the jury on the issue of the accidental discharge of the pistol. It appears that this issue was raised by the evidence and he was entitled to an instruction relative to the law on the subject. A defendant is entitled to an instruction on every issue raised by the evidence whether such evidence was produced by the state or the defendant. See Brickell v. State, 138 Tex. Cr. Rep. 101 (134 S. W. (2d) 262) ; and Barnes v. State, 145 Tex. Cr. Rep. 179 (167 S. W. 2d 197).

There are quite a number of other questions raised, but in view of the disposition we are making of this case, we deem it unnecessary to discuss them.

For the error herein pointed out, the judgment of the trial court is reversed and the cause is remanded.

Opinion approved by the Court.

ON STATE'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

146

The state has filed a motion for rehearing in this case based solely on the contention that the court had committed error in its holding that the written confession was wrongfully admitted. Oral argument presented on the motion presents a different view to that expressed in the opinion. We have checked the statement of facts and find that the opinion follows very closely the record as made in the trial.

We note the testimony of the sheriff who says that no threats were made against appellant; that he was not ordered by anyone to take him to another jail for safe keeping, but that he always pursues this procedure regardless of who he has in custody—whether white or Negro. The deputy sheriff did not know why the appellant was taken out of the county. When questioned about this, the district attorney, who argued the motion, said that he had frequently advised the sheriff against such procedure. Under the circumstances thus detailed, as fully set out in the orginial opinion, we remain of the opinion that the written confession should be excluded. The law enforcement officers have no more authority to make the law than this court has. We can only construe it as it is presented to us and it is the duty of the law enforcement officers to follow the law as they find it.

The state's motion for rehearing is overruled.