## VIVIAN ARNOLD V. STATE.

No. 25852. May 14, 1952.

Hon. Joe B. Brown, Judge Presiding.

*R. L. Wade, H. E. Tarpley,* and *W. R. Sessions,* all of Dallas, for appellant.

*Henry Wade,* District Attorney, *Charles S. Potts* and *Robert L. Shaw,* Assistants District Attorney, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for keeping a bawdy house, there being alleged five different offenses at different dates, in which a jail sentence of 20 days and a $200.00 fine was imposed in each case, making 100 days in jail and $1,000.00 fine.

In the progress of the trial it was shown that the officers obtained a search warrant from a justice of the peace, by virtue of which they seized certain articles and introduced them as exhibits for the purpose of showing that the premises were used as a house of prostitution. Objection was made to the introduction of these articles in evidence. Bill of Exception No. 6 shows that both the affidavit for the search warrant and the search warrant itself were introduced in evidence, over the defendant's objection. This was clearly error.

It is contended in brief filed by the district attorney's office that the objection is insufficient in that the grounds were based on the claim of an invalid search warrant. We have always held that it is not admissible for any purpose and, therefore, it is not necessary to state the grounds. We do observe, however, that the search warrant fails to comply with Article 316, Vernon's Ann. C.C.P., in that it does not "* * * state the particular offense for which such implements are designed." It follows, further, that the search warrant is invalid and the fruits of the search are not admissible in evidence.

Other errors complained of in the appeal should not occur on another trial and it is not deemed necessary to discuss them herein. The judgment of the trial court is reversed and the cause is remanded.