LESTER BENNETT SUBLETT V. STATE.

No. 26,335. April 1, 1953.
Appellant's Motion for Rehearing Denied May 20, 1953.
Appellant's Second Motion for Rehearing Denied (Without Written Opinion) June 17, 1953.

*J. P. Moseley*, Dallas, for appellant.

*Henry Wade*, District Attorney, *Chas. S. Potts*, Assistant District Attorney, Dallas, and *George P. Blackburn*, State's Attorney, Austin. for the state.

DAVIDSON, Judge.

This is a conviction for driving an automobile while intoxicated upon a public highway; the punishment, a fine of $200 and 90 days in jail.

Appellant's apprehension and arrest grew out of an automobile collision.

Witnesses for the state testified to appellant's intoxicated condition, while the testimony of the appellant and his witnesses showed that he was not intoxicated at the time.

Thus, under the testimony, the direct issue of appellant's guilt was drawn. It was the province of the jury to believe the state's testimony.

Policeman Howe, the arresting officer, arrived at the scene of the collision shortly thereafter. He expressed the opinion that appellant was intoxicated at that time. Upon direct examination of that witness, state's counsel propounded to him the following interrogatory:

" '*Alright* officer (referring to Mr. Howe) I will ask you to state whether or not at the time (referring to the time he was sitting in the car with the defendant shortly after the collision in question) you had in your possession an intoximeter test— a scientific intoxication test?' "

Appellant objected to the question so propounded, contending that the state was thereby attempting to get before the jury the fact that he refused to submit to the intoximeter test. The objection was sustained. The bill of exception contains a certificate of fact which would authorize appellant's contention. He has briefed and argued the objection as though the certificate of fact as stated in the bill of exception had been certified by the trial court as true when he approved the bill of exception.

Appellant appears, however, to have overlooked the fact that the trial court, in his qualification to the bill of exception,

expressly refused to certify the facts stated in the bill. Having accepted the bill of exception as so qualified, the appellant is bound thereby.

As so qualified, the bill of exception constitutes only a complaint to the asking of the question heretofore set out, with a statement of grounds of objection containing no showing that same were, in fact, true.

We are unable to agree that reversible error is reflected thereby.

Upon redirect examination of appellant, state's counsel asked him if he had been in trouble before. To this inquiry appellant replied, "Not in the City of Dallas." Upon further questioning as to whether he had ever been in trouble in Houston, appellant replied, "About twelve years ago."

Appellant's objection of remoteness was sustained, and the matter was not further alluded to.

The bill of exception presenting this matter shows that at the time the questions were propounded, state's counsel had in his hand a statement from the Dallas Police Department showing that, in 1940, appellant had been convicted in the Federal Court of Houston of a felony.

Appellant insists that the questions propounded should be appraised by us as though such fact of conviction had thereby been deliberately placed before the jury. But here, again, the trial court's qualification to the bill of exception precludes any such construction.

In its final analysis, the bill of exception reflects only the asking of the questions and the answers, as above set forth. The jury did not know the nature of the trouble, or the extent thereof, that appellant had been into "About twelve years ago" in Houston. We are unable to agree with appellant that reversible error is reflected thereby.

The remaining bills of exception complain of arguments of state's counsel.

In appraising complaints of this character it must be kept in mind that for argument of state's counsel to constitute rever-

sible error it must be obviously harmful and improper, or in violation of some mandatory statute, or must inject some new fact into the case. Vineyard v. State, 96 Tex. Cr. 401, 257 S. W. 548. The Vineyard case has been repeatedly followed, as will be seen by referring to Shepard's Citations.

Complaint is made in Bill of Exception No. 3 of the following argument:

" 'This law against driving while intoxicated, Gentlemen, is your law, and you have the duty to enforce it. The punishment should be sufficient to rehabilitate this man and deter others. You give this big car dealer a term in the county jail and he will remember not to drive any more cars while drunk on the streets of Dallas.' "

We fail to see any objectionable features in this argument. Certainly it was within the province of state's counsel to argue the question of punishment to be affixed for a violation of the law. If appellant was contending that the reference to appellant as being a "big car dealer" was prejudicial, he should have made his objection, directly, to that statement and not have coupled it with other argument that was proper.

The argument complained of in Bill of Exception No. 4 was certified by the trial court in his qualification to the bill of exception as a proper deduction based upon the evidence. Appellant accepted the qualification and is bound thereby.

The argument complained of in Bill of Exception No. 5 was as follows:

" 'We cannot have law enforcement in this city unless you convict him.' "

The trial court by his qualification to the bill of exception says that this argument was made as a part of the argument state's counsel was making on law enforcement generally and the responsibility of juries therewith.

The argument must be appraised in the light of that qualification and when so done, no error appears.

The argument complained of in Bill of Exception No. 6 was withdrawn from the jury's consideration, and was not such that would constitute reversible error notwithstanding its withdrawal from the jury's consideration.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.

### ON MOTION FOR REHEARING.

MORRISON, Judge.

Appellant takes us to task for failing to set out in our original opinion that portion of his Bill of Exception No. 1 which he contends constituted a certificate of error by the trial court. The bill contains the recitation that by the asking of the question (set out in the original opinion), "the State's attorney thereby got before the jury by implication that officer Howe did have such an intoximeter test in his possession and that such intoximeter equipment was available, and the resulting implication that the appellant had refused such test." Appellant contends that the court did not specifically negative this recitation in his qualification of the bill. The recitation quoted above, upon which appellant relies, is no more than a conclusion drawn from the fact that the question was asked. We will be bound only by certificates from the trial court as to facts. The question was asked. This fact is certified in the bill and is binding on this court. The trial judge's conclusion as to the "resulting implication" is not binding on this Court. The facts are before us as they were before the trial judge. We alone reserve the right to pass upon what effect those facts had upon the trial of the accused. Our conclusion is that the asking of the question did not tell the jury that appellant had refused to take the intoximeter test.

As to the second bill of exception discussed in our original opinion, the trial court declined to certify that the question propounded to appellant on cross-examination as to whether he had ever been in trouble in Houston was a deliberate attempt by the assistant district attorney to prejudice the appellant. The ultimate question for us to decide is not what the district attorney knew or designed, but whether or not what actually transpired before the jury may have caused injury to the appellant. As soon as the answer showed that the matter was too remote, appellant's objection was sustained, and no further inquiry was attempted or permitted about the same. In the light of the qualifications, the asking of the question to which objection was sustained does not call for reversal.

In bill of exception No. 6, the appellant complains of argu-

ment of the prosecutor, to which objection was sustained and which was withdrawn from the jury's consideration. Appellant contends that the trial court certified error because of the recitation in the bill that the argument injected new and unsworn testimony before the jury. We have read the record carefully and do not agree with such conclusion of the trial judge and decline to be bound thereby.

Remaining convinced that we properly disposed of this cause originally, the appellant's motion for rehearing is overruled.