CECIL WINSTON BUMPASS V. STATE

No. 27,118.   October 27, 1954

*Burks and Brown,* by *Clifford W. Brown,* Lubbock, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated.

In view of our disposition of this appeal, a recitation of the facts is not deemed necessary.

The jury verdict read as follows:

"We, the Jury, find the defendant guilty as charged and assess his punishment at $50.00 Dollars fine and (3) three — in the County Jail.

"Robert A. Nash,
"Foreman of the Jury"

This verdict is incomplete and should not have been received. Cooper v. State, 136 Texas Cr. Rep. 498, 126 S.W. 2d 974.

Far more serious, however, is the error committed by the prosecutor in continuing to inject into the case through the medium of questions the fact that the appellant had refused to take a blood test following his arrest.

Bill of Exception No. 1 reflects that the arresting officer was asked what he did with the appellant after he was arrested. He answered, "Well, I started into town with him and asked him if he wanted a blood test." After considerable discussion between counsel and the bench, appellant's objection was sustained, and the jury were instructed not to consider that portion of the answer which related to a blood test. This alone would not reflect reversible error. Sublett v. State, 158 Texas Cr. Rep. 627, 258 S.W. 2d 336. However, thereafter, in spite of the ruling and admonition of the court, the prosecutor asked the appellant on cross-examination, "Do you recall him offering you a blood test?" Again, the objection was sustained, but appellant's motion for mistrial was overruled. Following this, the appellant was cross-examined further as follows, "Well, if the fact is that there was one reason why you didn't want to have to give any blood around there, isn't it?" Again the objection was sustained, but the motion for mistrial was denied.

In Cardwell v. State, 156 Texas Cr. Rep. 457, 243 S.W. 2d 702, we discussed the reasons why the refusal of the accused to take a sobriety test should not be admitted in evidence against him.

The trial court certifies in this bill that "by this method the State was able to show . . . that the defendant, while under arrest, had refused to submit to a blood test."

We think the continued questioning of the appellant in spite of the admonition of the court sustains the trial court's conclusion that it was tantamount to proving that the appellant had refused to take the blood test while in the custody of the officers and should call for a reversal of this conviction.

It is so ordered.