## KENNETH A. JORDAN V. STATE

No. 28,300. May 30, 1956.

*Robert K. Ramsey,* Terrell, for appellant.

*Wayne Pearson,* County Attorney, Kaufman, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, 3 days in jail and a fine of $100.00.

In view of our disposition of this case, a recitation of the facts will not be deemed necessary.

Appellant's confession was introduced in evidence. The appellant, testifying in his own behalf, stated that he signed the paper, which was introduced in evidence, without reading it when it was handed him by the assistant county attorney; that he was given no warning; that he had never before been arrested and thought that the requirement that he sign something was part of the procedure of getting out of jail.

In his charge to the jury the court required it to find that the appellant had been warned but did not mention the other defensive matters raised by the appellant's testimony.

By requested charges the appellant called this omission to the court's attention.

We have concluded that the case of Cordes v. State, 158 Tex. Cr. Rep. 529, 257 S.W. 2d 704, is here controlling. There we said, "He was entitled to a distinct submission of each defensive issue raised by the testimony."

Another ground of reversal is reflected by the answer of a member of the Texas Highway Patrol who, when being asked to describe the appellant's appearance, said:

"Yes sir, when you would try to talk to him it seemed like he didn't realize that anybody was talking to him. He would just look at you. I asked him three or four times if he would give us a blood test. He never did answer * * * * "

While it is true that the jury were instructed not to consider the answer, we have concluded that this answer got before the jury the inadmissible evidence that the appellant had been offered a blood test and had refused to take it. See Cardwell v. State, 156 Tex. Cr. Rep. 457, 243 S.W. 2d 702, and cases there cited.

Upon another trial the witnesses from Dallas, where the appellant worked, should be permitted to testify as to his good reputation, even though they did not claim to know his reputation in Richardson, where he lived. The record discloses that Richardson is an adjacent community to Dallas and that a great many of its residents, just as the appellant, commute to Dallas where they are employed.

We trust that the argument complained of will be avoided upon another trial.

For the errors pointed out, the judgment is reversed and the cause remanded.