JOHN LINDSAY BROWN V. STATE

No. 29,493. February 5, 1958.

*Leonard Brown*, San Antonio, for appellant.

*Hubert W. Green, Jr.*, Criminal District Attorney, *W. Key Hoffman, Jr.*, Assistant Criminal District Attorney, San Antonio, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, 3 days in jail and a fine of $50.00.

In view of our disposition of this case, a recitation of the facts will not be necessary other than to observe that Highway Patrolman Claybrook alone testified for the state, while the appellant and a number of his witnesses denied that he was intoxicated on the occasion in question.

Bill of Exception No. 4 recites that the prosecutor in his closing argument said, "These officers are the most courteous

and truthful men in the enforcement of the law;" that the defense objected on the grounds that this constituted unsworn testimony on the part of the prosecutor vouching for his witness; and that the trial court overruled the objection. The trial court attempted to qualify the bill, but the appellant excepted to the court's qualification; and the court failed to file a bill of his own. We must therefore consider the bill without the qualification.

This court has on many occasions condemned any effort on the part of the state to bolster the credibility of its witnesses by unsworn testimony. Moynahan v. State, 140 Texas Cr. Rep. 540, 146 S.W. 2d 376; Gonzales v. State, 159 Texas Cr. Rep. 108, 261 S.W. 2d 577; Womack v. State, 160 Texas Cr. Rep. 237, 268 S.W. 2d 140; Caka v. State, (page 35 this volume), 302 S.W. 2d 939.

We are not impressed with the state's suggestion that the prosecutor might have been referring to one of the appellant's witnesses who was not with the appellant on the night in question but with whom the appellant had spent the preceding night and who was a ranch foreman with a special ranger commission.

Upon another trial, the witness Claybrook should not volunteer the information that he offered the appellant a urine test when the results of such a test were not offered in evidence, and his conversation with the appellant after the time of the arrest and while they were on the way to the jail should be excluded.

For the errors pointed out, the judgment is reversed and the cause remanded.