JOHNIE ELDEN SAUNDERS V. STATE

No. 33,814.   November 15, 1961
State's Motion for Rehearing Overruled January 31, 1962

WOODLEY, Presiding Judge, dissented.

*McCarthy, Carnahan, Field & Haynes, (George S. McCarthy,* of counsel on appeal only) Amarillo, and *Moises V. Vela,* Harlingen, for appellant.

*F. T. Graham,* Criminal District Attorney, by *Joel William Ellis,* Assistant Criminal District Attorney, Brownsville, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated as a second offender; the punishment, two years in jail.

In view of our disposition of this case, a recitation of the facts will not be necessary.

Bill of Exception No. 1 reflects that while highway patrolman Stone was testifying he was asked by the prosecutor, "Did you offer to give (the appellant) any kind of a blood test?" to which the witness replied, "Yes, sir." No evidence of the results of a blood test was introduced. We are called upon to decide whether or not this got before the jury the inadmissible evidence that appellant had been offered a blood test and refused to take it.

We have been furnished able briefs by both the state and appellant in which all of the cases on the subject have been discussed. We have concluded that the two principal cases which require distinction are Sublett v. State, 158 Texas Cr. Rep. 627, 258 S.W. 2d 336 (relied upon by the state), and Jordan v. State, 163 Texas Cr. Rep. 287, 290 S.W. 2d 666 (relied upon by appellant). In Sublett, the officer was asked if at the time he had accused under arrest he had in his possession an intoximeter test. The question does not appear to have been answered. The fact that the officer may or may not have had such a test in his possession in nowise informed the jury that such a test was offered to appellant and that he refused to take it.

In Jordan, on the other hand, the officer volunteered the information that he had offered the blood test to the accused and that he had not answered when such offer was made.

We have concluded that the rule in Jordan is here controlling and that reversible error is reflected by that which has been set out above. See also Brown v. State, 309 S.W. 2d 452.

The judgment is reversed and the cause remanded.

ON STATE'S MOTION FOR REHEARING

McDONALD, Judge.

The state has directed our attention to a quoted holding in Bumpass v. State, 160 Texas Cr. Rep. 428, 271 S.W. 2d 953, wherein the arresting officer was asked what he did with the defendant after he was arrested, and the officer answered: "Well, I started into town with him and asked if he wanted a blood test." The opinion continues:

"After considerable discussion between counsel and the bench, objection was sustained and the jurors were instructed not to consider that portion of the answer which related to a blood test. This alone would not reflect reversible error. Sublett v. State, 158 Texas Cr. Rep. 627, 258 S.W. 2d 336."

We do not feel that the above excerpt from the opinion in Bumpass, supra, is any more than dicta. It did not control the disposition of the case. The case was reversed for the reasons stated in the opinion. It is authority *only* for the rule that the conduct set forth therein constitutes reversible error.

We are not here dealing with a case of a witness giving an unresponsive answer and relying solely upon that ground for reversal. We are here confronted with a prosecutor propounding a direct question and receiving an affirmative reply, and therefore deliberately getting before the jury information which he knew, or should have known, was inadmissible.

Remaining convinced that the case was correctly disposed of in the original opinion, the state's motion for rehearing is overruled.

WOODLEY, Presiding Judge, dissenting.

Sublett v. State, 158 Texas Cr. Rep. 627, 258 S.W. 2d 336, was cited in support of the quoted holding in Bumpass v. State, supra. The holding appears to be a correct one, and I find no reason why it should not be applied here. If it is not to be followed, the holding mentioned should be specifically overruled. Otherwise, the state's motion for rehearing should be granted.