THEODORE ROOSEVELT XANTHULL V. STATE

No. 34,740.   June 27, 1962

*Philip Bordages,* Beaumont, for appellant.

*W. C. Lindsey,* Criminal District Attorney, *W. T. Wood, Jr.,* Assistant Criminal District Attorney, Beaumont, and *Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge.

The offense is burglary; the punishment, confinement in the penitentiary for a term of six years.

We shall not set forth the facts of the case in detail but will relate only those necessary to our disposition of this appeal.

Upon cross-examination of the defendant by state's counsel, the following testimony was elicited:

"Q.   How long would it take you to do five years doing good time in Huntsville State Pen _____?

"(Counsel for defendant) : Now, Your Honor, we object to that.

"The Court: Overruled. How long would it take? A. You can figure three-fifths of the time, that's approximately thirty-six months.

"Q.   Doing five years.

"Q. You can cut five years almost in half on good time, can't you?

" (Counsel for defendant) : Let me have a Bill of Exception to this, Your Honor.

"The Court: All right."

Appellant contends that the admission of the above testimony was error in that the state was permitted, over his objection, to bring before the jury evidence as to the operation and effect of the indeterminate sentence and parole laws together with their application to a sentence which he could receive if found guilty.

It is first noted that the objection was general in nature and that appellant's counsel might have made a more specific objection to the testimony. However, we believe that the evidence was obviously not admissible for any purpose, and therefore the general objection was sufficient. Fowler v. State, 352 S.W. 2d 838, and cases there cited.

In Pena v. State, 137 Texas Cr. Rep. 311, 129 S.W. 2d 667, Judge Krueger, speaking for this Court, stated:

"* * * it will be noted that the jury, in a felony case, in determining the punishment to be assessed, is not authorized to resort to or apply either the indeterminate sentence law or the parole law. The indeterminate sentence law is to be applied by the trial judge, after conviction and when sentence is pronounced against the defendant. The parole law is not to be applied by the trial court, but is to be exercised by the board of pardons exclusively * * *."

See, also, Simmons v. State, 156 Texas Cr. Rep. 153, 239 S.W. 2d 625.

This explicit language leaves no doubt but that matters touching the indeterminate sentence and parole laws are not proper subjects for jury determination. By admitting the complained-of testimony, the trial court gave the jury the opportunity to use inadmissible evidence in fixing appellant's punishment, and such was error.

We can only speculate as to the extent of harm suffered by appellant in the erroneous admission of this evidence. However, it is interesting to note that the punishment assessed him by the

jury was three times greater than the minimum provided for by Art. 1397, V.A.P.C.

The judgment is reversed and the cause remanded.