**Odetta Bean BOLTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37096.**

Court of Criminal Appeals of Texas.

June 27, 1964.

Rehearing Denied Nov. 4, 1964.

Weldon Holcomb, Pope & Heitler by John E. Heitler, Tyler, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, a fine of $200.00 and 30 days in jail.

Officers Shepard and Callahan of the Texas Department of Public Safety testified that they were traveling on a public highway and first noticed the automobile driven by appellant as it approached from the opposite direction driving along the center stripe of the highway. The officers pulled to the shoulder of the road, flashed a red light, and turned to give pursuit. They observed appellant's automobile swerve to the left side of the road twice. Both witnesses testified that appellant staggered upon getting out of her automobile, smelled of alcoholic beverages, was slurred in her speech and had glassy or bloodshot eyes, and that, based upon this, they had formed the opinion that she was intoxicated. Two full six-packs of malt liquor, a third opened six-pack containing three empty cans, and a glass, which according to the testimony of Shepard had contained a liquid that smelled like vodka, were recovered from appellant's automobile and introduced into evidence.

We deem the evidence sufficient to sustain the conviction.

Appellant's only contention is that reversible error was committed when the following transpired during the direct examination of Officer Shepard:

"Q. Mr. Shepard, on that date did you offer the defendant an opportunity to take a blood test?

"A. Yes, sir.

"Q. I will ask you if this is a copy of the report of the blood test?

"A. Yes, sir.

"MR. MOORE: We now offer this into evidence, Your Honor, as State's exhibit # 2.

"MR. HOLCOMB: To which we object, Your Honor, and Counsel is well aware that it is not admissible.

"THE COURT: Objection sustained, and the Jury will not consider the offered paper for any purpose whatsoever.

"MR. HOLCOMB: We further move for a mistrial at this time, Your Honor, on the grounds of the information and request we made to the Court prior to the time the Jury was selected.

"THE COURT: Motion denied."

Appellant relies upon Saunders v. State, 172 Tex.Cr.R. 17, 353 S.W.2d 419, where the case was reversed because the prosecutor asked if appellant had been offered a blood test, and the witness replied in the affirmative. No evidence of the results of any test was introduced. We there pointed out that the error was getting before the jury the inadmissible evidence that the appellant had refused to take a blood test.

Saunders v. State is not here controlling as the clear inference to be drawn from the testimony in the case at bar is that appellant had taken the blood test. The question concerning the giving of an opportunity to take a blood test was asked, an affirmative answer was given, and then an attempt was made to introduce the results of the blood test. Appellant made a general objection to the introduction of the results of the test; his objection was sustained, and the jury was ordered not to consider the offered paper for any purpose.

We cannot agree with appellant that reversible error is reflected. The judgment is affirmed.

## ON MOTION FOR REHEARING

BELCHER, Commissioner.

Appellant re-urges his contention that the question and answer about a blood test come within the holding of this court in Saunders v. State, supra.

As shown by the testimony set out in the original opinion, the question about the offer to the appellant to take a blood test was asked and affirmative answer given and there was no objection and no motion to exclude such question or answer.

Motion for mistrial was made after the *report of the blood test* was offered and after the court had sustained the objection and instructed the jury not to consider it. The ground for the motion for mistrial is not shown except by reference to a request made to the court prior to the selection of the jury. The request referred to is not shown in the record.

In Saunders v. State an objection was made and reserved to the question and answer. In the instant case, defendant failed to make and reserve an objection to the question and answer about the offer of a blood test.

Remaining convinced that this cause was properly disposed of on original submission, the motion for rehearing is overruled.

Opinion approved by the Court.