**Homer Dewitt SHILLING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41615.**

Court of Criminal Appeals of Texas.

Nov. 13, 1968.

Rehearing Denied Dec. 18, 1968.

The State in a scholarly brief urges that we overrule these cases because of the subsequent holding of the Supreme Court of the United States in Schmerber v. State of California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908. After mature consideration, we conclude that the same is not controlling.

The judgment is reversed and the cause is remanded.

Phillip L. Cyphers, Pasadena, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Jimmy James, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is driving while intoxicated, the punishment, 30 days in jail and a fine of $100.00.

The sole question presented for review is the action of the trial court in overruling appellant's objection to the following question propounded to appellant by State's counsel on cross-examination, to wit:

"Q. Why is it if you felt you were not intoxicated did you refuse to give a blood test?"

Appellant's reliance upon the holding of this court on rehearing in Cardwell v. State, 156 Tex.Cr.R. 457, 243 S.W.2d 702, is, we have concluded, well taken. There we said in discussing evidence of an accused's refusal to take a blood test:

"The State cannot avail itself of the silence or refusal of an accused prisoner as a circumstance tending to establish his guilt."

See also, Bumpass v. State, 160 Tex.Cr.R. 423, 271 S.W.2d 953.