Cleve James STORY, Appellant,

v.

The STATE of Texas, Appellee.

No. 46798.

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

Old, Moye & Cobern, Mt. Pleasant, for appellant.

Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the misdemeanor offense of driving while intoxicated. Punishment was assessed by a jury at sixty days in jail and a $500.00 fine.

The record reflects that on June 30, 1972, at approximately 9:30 P.M., appellant was driving his truck down West Main Street in Mount Vernon. Sheriff Biggerstaff of Franklin County, along with Deputy Ellis, was driving down this same street. They observed that appellant was driving his truck on the wrong side of the road. The Sheriff stopped appellant, arrested him for driving while intoxicated, and took him to the Highway Patrol office in Mount Vernon.

■ Appellant contends by his first ground of error that the trial court erred in overruling his motion for mistrial when one of the state's witnesses injected into the record the fact that a breath test was offered to him.

Sheriff Biggerstaff testified in response to a question by the prosecutor:

"Q. After you drove to the Courthouse, what did you do with the Defendant?

A. Enroute to the Courthouse, I called for the Highway Patrol to meet us at the Courthouse, and I advised Mr. Storey that we would request that a breathalyzer test be given—"

The appellant's objection was sustained, an instruction was given to the jury not to consider for any purpose the breathalyzer test, and his motion for mistrial was denied. The prosecutor did not pursue the matter after the objection was sustained. Cf. Bumpass v. State, 160 Tex.Cr.R. 423, 271 S.W.2d 953.

The fact that Biggerstaff told appellant that "we would request that a breathalizer test be given" did not inform the jury that such a test was offered to appellant or that he refused to take one. Cf. Sublett v. State, 158 Tex.Cr.R. 627, 258 S.W.2d 336.

The controlling test is whether evidence that the defendant has been offered a blood test (or breathalyzer test) or has refused to take one, is brought before the jury by the prosecutor. Cf. Jordan v. State, 163 Tex.Cr.R. 287, 290 S.W.2d 666; Saunders v. State, 172 Tex.Cr.R. 17, 353 S.W.2d 419. Also, see and compare Olson v. State, Tex.Cr.App., 484 S.W.2d 756. Since this did not occur in the instant case, no reversible error has been shown.

■ Appellant contends by his second ground of error that the trial court erred in failing to instruct the jury to disregard a question and answer. Sheriff Biggerstaff, upon re-direct examination by the prosecutor testified:

"Q. Sheriff Biggerstaff, have you ever filed a complaint against anybody since you have been in office that you didn't think was a justified complaint?

A. No.

Q. You didn't file this complaint just—

MR. COBERN: Your Honor, I object.

THE COURT: Upon what grounds?

MR. COBERN: He is bolstering himself, and he is attempting to bolster his own witness, attempting to introduce evidence that would make the complaint more than it is.

MR. EDWARDS: You have asked him that, if it wouldn't help him on election.

MR. COBERN: I don't believe I have asked him that. Not if he had filed a case on anybody.

THE COURT: Bailiff, please retire the Jury.

\* \* \* \* \* \*

THE COURT: I am going to sustain the objection in regard to the complaint, the question of the complaint.

\* \* \* \* \* \*

I am going to sustain the objection. Your question probably opened it up.

MR. COBERN: I want to ask that the Jury be instructed to disregard that question and answer, whether he thought it was a good complaint or not.

MR. EDWARDS: If he is asking about the elections, I think he has the right to say what it was—

THE COURT: I am going to overrule on the asking of the Jury to disregard the question and answer.

Bailiff, ask the Jury back in."

Sheriff Biggerstaff had previously, upon cross-examination by appellant, stated:

"Q. Would you say you are interested in the outcome of this case?

A. Yes, sir.

Q. Would you say that it would help to get you re-elected if you are able to convict Mr. Storey of this offense?

A. It's not going to help me to get re-elected.

Q. Would it help you to lose cases in this Courthouse if you charged persons with complaints and then later on lost the case?

A. My main interest here is in—

Q. (Interposing) I asked you if it's in your interest that you win every case that you file a complaint on, as the sheriff and person that returns to office? That calls for a yes or no answer.

A. I suppose it might."

While the complained of question should not have been asked,[1] we conclude that no harmful or prejudicial error has been shown. Furthermore, appellant "invited" the improper question by his own prior question to Sheriff Biggerstaff. See Pyeatt v. State, 462 S.W.2d 952 (Tex.Cr. App.1971); Rogers v. State, 420 S.W.2d 714 (Tex.Cr.App.1967); Spradlin v. State, 368 S.W.2d 210 (Tex.Cr.App.1963); Strickland v. State, 169 Tex.Cr.R. 633, 336 S.W. 2d 185 (1960).

Appellant contends by his third ground of error that the trial court erred in failing to grant a mistrial for improper jury argument. The prosecutor argued that the state's witnesses would not have testified if they were not sure appellant was drunk. Appellant's objection was sustained, the jury was instructed to disregard, and his motion for mistrial was denied.

On the basis of the record, the court's instructions were sufficient to protect appellant's rights, and a mistrial was not required.

Appellant contends, by his fourth ground of error, that the trial court erred in fail-

---

1. The question was improper because it was both an effective and improper method of bolstering the state's witness. Also, the case of Clay v. State, 161 Tex.Cr.R. 351, 276 S.W.2d 843 (1955), relied on by appellant, is distinguishable. There the witness was asked the question "whether or not you ever filed a complaint on anybody for any offense unless you think they are *guilty* of that offense." The question was answered: "Never in my life have I filed on any man I thought was not guilty. I don't work that way."

ing to excuse a prospective juror challenged for cause when she stated she didn't know whether or not she could abide by the court's charge on the law of driving while intoxicated.

■ In Bell v. State, 137 Tex.Cr.R. 401, 129 S.W.2d 664 (1939), this Court stated:

"To warrant a reversal it must be shown not only that a sufficient challenge for cause was overruled and that the defendant exhausted his peremptory challenges, but also that one or more objectionable jurors sat in the case. If an objectionable juror was not forced upon the defendant the overruling of a challenge for cause is not reversible error even though the appellant was required to exercise a peremptory challenge in order to excuse the juror."

See also Williams v. State, 481 S.W.2d 119 (Tex.Cr.App.1972).

Appellant has not met the test of showing that he was forced to accept a juror who was objectionable to him. He concedes in his brief that the Juror Solomon indicated that she could abide by the court's instructions. Thus, no reversible error has been shown by the overruling of his challenge for cause.

Appellant contends by his fifth, sixth, seventh, and eighth grounds of error that the trial court erred by conveying his opinion of the case to the jury in violation of the second part of Article 38.05, Vernon's Ann.C.C.P., during his introductory speech to the prospective jurors.

Article 38.05, supra, provides:

"In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible;

nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case." (Emphasis supplied.)

After reviewing the record, we fail to see how the trial judge's instructions to the prospective jurors could have conveyed any opinion of the case to the jury, as we can discern no expression of any such opinion therein.[2] Furthermore, appellant has not shown how the judge's comments were reasonably calculated to prejudice his rights or injured his rights or resulted in a benefit to the state. See also Smith v. State, 446 S.W.2d 317 (Tex.Cr.App.1969); Garcia v. State, 427 S.W.2d 897 (Tex.Cr.App. 1968).

■ Appellant contends by his ninth and tenth grounds of error that the trial court erred in failing to properly instruct the jury regarding their inquiry about whether or not the judge had the right to probate or suspend the sentence, and erred in failing to grant him a new trial due to the misconduct of the jury in considering probation or suspension of his sentence.

The record reflects that the following note, signed by the foreman of the jury, was sent to the trial judge during the jury's deliberations on the punishment to be assessed: "Does the Judge have the Wright Porbate or suspend the jail sente?" The trial judge answered the note by stating: "You are instructed that I can not answer this question." Appellant objected to the judge's note on the grounds that the jury was entitled to further instructions on the law regarding this point. He requested no special instruction. His objection was overruled and his subsequent motion for a new trial for jury misconduct in considering probation or suspension of sentence was also overruled.[3]

2. The judge instructed the prospective jurors as to the burden of proof, the elements of the charged offense, that the jury judges the facts in the case and credibility of witnesses; that a conflict in the evidence may be resolved by the jury, and that the State has the right to open and close argument.

3. It should be noted that appellant did not file an application for probation.

**768**

In Smith v. State, 474 S.W.2d 486 (Tex.Cr.App.1971), a similar situation to the case at bar, the jury sent the judge a note asking:

"In event that we the jury assess 10 or less years without a probation recommendation is it within the legal power of the court to grant probation?"

The trial judge answered this question by a note which stated: "Yes, but this should not be considered." We held this was not reversible error but stated that the question should have been answered in a manner similar to this:

"The court under the law is not permitted to answer the question which you have presented. Please consider only the instructions which have already been given and continue with your deliberations." 474 S.W.2d at page 488.

While the judge's answer does not clearly state that he is not permitted under the law to answer the question, it was sufficient to inform the jury that this matter was not for their consideration.

We also conclude that the court did not err in overruling appellant's motion for a new trial. It is well established that such a motion alleging jury misconduct must be supported by the affidavit of a juror or some other person who was in a position to know the facts. See Walker v. State, 440 S.W.2d 653 (Tex.Cr.App.1969) and cases cited therein.

Appellant contends by his eleventh and final ground of error that the trial court erred in changing the transcription of the court reporter's notes. Assuming appellant was correct as to what the record is supposed to speak, we still find no reversible error, the disputed matter being immaterial to the other grounds raised.

Finding no reversible error, the judgment is affirmed.