Tommy Earl CLINARD, Appellant,

v.

The STATE of Texas, Appellee.

No. 50538.

Court of Criminal Appeals of Texas.

March 23, 1977.

David Hollingsworth, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Michael Kuhn and Fred E. Reynolds, Jr., Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

## ON APPELLANT'S MOTION TO REINSTATE

PHILLIPS, Judge.

On original submission this case was dismissed by per curiam opinion because the record failed to reflect a timely notice of appeal. By supplemental transcript it has been made to appear that notice of appeal was timely given. Accordingly, the appeal is reinstated and will be considered on the merits.

Appellant was convicted of driving while intoxicated; punishment was assessed at a $200.00 fine and 30 days in jail, and appellant was placed on probation for nine months.

In his second ground of error appellant contends the trial court erroneously permitted a police officer to testify that he refused an offer to take a blood test. The record reflects the following:

"Q [PROSECUTOR]: Officer McFaddin, did you offer Mr. Clinard any tests of any sort?

A Yes, sir, he was offered a blood test.

Q And did you allow—did you offer him an opportunity to have this test administered by his own physician?

A Yes, sir.

[DEFENSE COUNSEL]: Your Honor, I object to that as being improper and immaterial.

THE COURT: Overruled.

[DEFENSE COUNSEL]: Note my exception.

THE COURT: Yes, sir.

Q [PROSECUTOR]: Did he refuse the test?

A Yes, sir, he did."

The State initially contends error was not preserved. *Saunders v. State,* 172 Tex. Cr.R. 17, 353 S.W.2d 419, is controlling on this point. See also *Smith v. State,* 141 Tex.Cr.R. 577, 150 S.W.2d 388; *Arnold v. State,* 157 Tex.Cr.R. 313, 248 S.W.2d 738; *Fowler v. State,* 171 Tex.Cr.R. 600, 352 S.W.2d 838; *Xanthull v. State,* 172 Tex. Cr.R. 481, 358 S.W.2d 631; *Etchieson v. State,* 172 Tex.Cr.R. 606, 361 S.W.2d 711; and *Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973).

It is the State's contention that *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), and *Olson v. State,* Tex.Cr.App., 484 S.W.2d 756 render said testimony now admissible in Texas, notwithstanding our unbroken line of decisions contrary thereto, notably, *Willeford v. State,* Tex.Cr.App., 489 S.W.2d 292; *Shilling v. State,* Tex.Cr.App., 434 S.W.2d 674; *Saunders v. State,* 172 Tex.Cr.R. 17, 353 S.W.2d 419; *Brown v. State,* 165 Tex.Cr.R. 535, 309 S.W.2d 452; *Jordan v. State,* 163 Tex.Cr.R. 287, 290 S.W.2d 666; *Bumpass v. State,* 160 Tex.Cr.R. 423, 271 S.W.2d 953; *Cardwell v. State,* 156 Tex.Cr.R. 457, 243 S.W.2d 702. In *Schmerber,* the Supreme Court of the United States simply held that under the narrowed facts of that particular case proof of the results of a blood test, where the blood had been drawn by a physician in a hospital in excess of two hours after an accident involving the defendant, was admissible though the defendant had not consented thereto. *Olson v. State,* supra, merely held that the prohibition of the Texas Constitution against the compelling of a defendant to *give evidence against himself* means the same as the prohibition in the Federal Constitution against compelling a defendant to *be a witness against himself.* *Olson* involved only a question of

whether a handwriting sample voluntarily given by the defendant was rendered inadmissible because the defendant was under arrest and without counsel. The Court's statement in said opinion pertaining to the blood test was dicta and the Court in said case did not consider, by dicta or otherwise, the question of admissibility of defendant's refusal to take a breathalyzer test or any other chemical test.

*Schmerber* is not authority for the contention of the State herein, but is strong authority to the contrary. In *Schmerber* the Supreme Court gave as its reason for holding the results of said blood test beyond the scope of the Fifth Amendment the fact that such was merely a then existing physical characteristic of the defendant and "not even a shadow of testimonial compulsion upon or enforced communication by the accused was involved." *Schmerber* at page 765 of 384 U.S., at page 1832 of 86 S.Ct. We interpret the majority opinion in said case in footnote nine to the above quoted statement to say general Fifth Amendment principles including Miranda requirements would apply as to proof of any refusal to take a breathalyzer test.

In said opinion, the Court also stated: "We hold that the privilege protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature . . . It is clear that the protection of the privilege reaches an accused's communications, whatever form they might take, and the compulsion of responses which are also communications . . ."

In 8 Wigmore, Evidence, Sec. 2265 (McNaughton rev. 1961), it is stated: ". . . unless some attempt is made to secure a communication—written, oral or otherwise—upon which reliance is to be placed as involving his consciousness of the facts and the operations of his mind in expressing it, the demand made upon him is not a testimonial one . . ."

■ Conversely, if a communication, written, oral, *or otherwise*, involves an accused's consciousness of the facts and the operations of his mind in expressing it, such is testimonial and communicative in nature. A defendant's silence or negative reply to a demand or request by an officer made upon him while under the necessary compulsion attendant with custodial arrest, which demand or question reasonably called for an immediate reply by the defendant, is clearly a tacit or overt expression and communication of the defendant's thoughts in regard thereto. See *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). The obvious purpose and certain result of proving a person accused of intoxication refused a request to take a blood test is to show the jury that the accused, with his full knowledge of the true amount he had consumed, thought that he could not afford to take said test. Such was the only reason for its relevancy. Thus, said evidence is without doubt of communicative and testimonial character and not mere factual proof of a then existing physical characteristic. The contention that if the result of a test is admissible that an accused person's expression of his desire not to submit to said test must also be admissible, is directly contrary to the reasoning of *Schmerber*. This is so because the Constitution simply forbids any compulsory revealing or communication of an accused person's thoughts or mental processes, whether it be by acts, failure to act, words spoken, or failure to speak, and the fact that it does not extend its scope further and forbid compulsory exhibition of physical characteristics does not nullify the extent to which it has extended its protection to an accused.

It has been contended that the appellant's refusal to submit to a chemical test is the same as flight or escape, but the distinction lies in the fact that escape and flight are not compelled or even requested; whereas, if an accused under custodial arrest is requested or offered a chemical test for intoxication, anything he does other than affirmatively agree to same is a refusal to submit. Thus, escape and flight are not "*compelled*", a necessary factor under the Fifth Amendment, but a refusal to take a

chemical test by silence or negative reply to a State's request or offer is *compelled.*

Art. 38.22, V.A.C.C.P., has been consistently construed by this Court as prohibiting proof of an accused's oral statement, silence or acts, if made while under arrest tending to communicate thoughts of the defendant which are of an incriminating nature. *Garner v. State,* Tex.Cr.App., 464 S.W.2d 111; *Butler v. State,* Tex.Cr.App., 493 S.W.2d 190; *Hubbard v. State,* 153 Tex.Cr.R. 143, 217 S.W.2d 1019; *Brent v. State,* 89 Tex. Cr.R. 544, 232 S.W. 845. Though not expressly stated heretofore, the decisions construing Art. 38.22, supra, reveal that, in practical application, said statute has been held to prohibit any act, silence or oral statement of an accused while in custody which has communicative or testimonial characteristics, substantially the same as the Fifth Amendment.

Art. 6701*l*–5, V.A.C.S., does not purport to apply to the question here presented, in that same addresses itself to the question of admissibility of the *results* of a chemical test, but not to an accused's *refusal to submit to same* at the request of an officer while under custodial arrest.

In this case there is no question presented for decision by this Court as to the admissibility of the results of a blood test and such constitutional question should not be decided by this Court until presented.

For the error stated, the judgment is reversed and the cause remanded.

ONION, Presiding Judge, concurring.

I concur in the reversal for the reasons stated in my concurring opinion in *Dudley v. State,* 548 S.W.2d 706 (Tex.Cr.App.), this day decided.

DOUGLAS, Judge, concurring.

I concur in the result of the opinion of Judge Phillips in that the conviction must be reversed because the evidence of the refusal to take the breathalyzer test is not admissible because of the decision of the Supreme Court of the United States in *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240,

49 L.Ed.2d 91 (1976). See also *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).

ROBERTS, Judge, dissenting.

The majority reverses this conviction because the trial court admitted in evidence a police officer's testimony that the appellant refused an offer to take a blood test. Although I agree that the alleged error was properly preserved, see *Saunders v. State,* 172 Tex.Cr.R. 17, 353 S.W.2d 419 (1962), I cannot agree that the admission of the testimony was error. I would affirm.

I would hold that neither the Fifth Amendment to the United States Constitution, *nor* Article I, Section 10, of the Texas Constitution, *nor* Article 38.22 of the Texas Code of Criminal Procedure prohibits the admission of such evidence. See my dissenting opinion in *Dudley v. State,* 548 S.W.2d 706 (Tex.Cr.App.1977), decided this day.

The judgment should be affirmed.

ODOM, J., joins in this dissent.